IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60371
Conference Calendar
_____

HOSEY B. JOHNSON,

                                        Plaintiff-Appellant,

versus

GULFPORT POLICE DEPARTMENT,
CITY OF GULFPORT,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:92CV356GR
- - - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Hosey B. Johnson filed an amended civil rights complaint, 42 U.S.C. § 1983, against the city of Gulfport alleging that the city had included an arrest for armed robbery on his "rap" sheet in violation of his constitutional rights. The district court granted the defendants' motion for summary judgment and dismissed the complaint with prejudice.

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

To the extent that Johnson argues that the granting of the motion to quash deemed the allegations of civil rights violations admitted, the record does not support his position.  Johnson served a subpoena on Patricia Bodin requesting production of the transcript of the opening statement in his 1981 criminal trial, and Bodin successfully filed a motion to quash this subpoena.  Bodin's motion is the only motion to quash granted by the district court.

To the extent that Johnson argues the merits of his claim, he has failed to allege a constitutional claim and is not entitled to relief.  See Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Dev., 980 F.2d 1043, 1050 (5th Cir.), cert. denied, 114 S. Ct. 75 (1993).  Johnson's "rap" sheet lists a 1980 arrest for armed robbery, and Johnson does not deny he was arrested.  He has failed to demonstrate that he has a constitutional right to have this arrest removed from his record.

This appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it will be dismissed.  5th Cir. R. 42.2. We caution Johnson that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Johnson is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

Appeal DISMISSED.